Name, Address, Telephone, Facsimile and Email Addresses

Robert Garvin Moore
20404 NE 242nd Avenue
Battle Ground, Washington 98604
Tel: 818-206-3223
robert.garvin@me.com

FOR COURT USE ONLY

FILED

MAR 3 0 2020

Mark L. Hatcher
Clerk, US Bankruptcy Court
Western District of Washington At Tacoma
By_____
Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## Western District of Washington
1717 Pacific Avenue, Suite 2100, Tacoma, WA 98402

| | |
|---|---|
| In re:<br>Robert Garvin Moore,<br><div align="right">Petitioner/Debtor.</div> | Bankruptcy Case No: 19-43563-BDL<br>Chapter: 13 |
| Robert Garvin Moore;<br>Teresa Jean Moore,<br><div align="right">Plaintiffs</div><br>v.<br><br>FLAGSTAR BANK FSB;<br>WRIGHT, FINLAY & ZAK, LLP;<br>Joseph T. McCormick III;<br>Tom B. Pierce;<br>Laura N. Coughlin;<br>Lisa Armenio Reis;<br>Paul Kim Reis;<br>KELLER WILLIAMS PREMIER PARTNERS;<br>Pamela McAnally;<br>James Welch;<br>Jacqueline Smith;<br>Shelly Schmitz;<br>Jeffrey Merritt Wilson;<br>DOES 1-50,<br><div align="right">Defendants.</div> | Adversary Proceeding No:<br><br><br>COMPLAINT<br>(1) for the Violation of the Automatic Stay;<br>(2) for the Breach of the Contract, (3) for the<br>Breach of the Implied Covenants and<br>(4) for the Promissory Estoppel and the<br>Unjust Enrichment |

## Complaint

The plaintiffs complain against the defendants by the affirmation of the following:

### Jurisdiction

**1.** The cause of the adversary proceeding arises under the title 11 by the automatic stay in the Bankruptcy Case No. 19-43563-BDL, which the Petitioner Robert Garvin Moore commenced on the November 4, 2019 by the filing of the Voluntary Petition with the United States Bankruptcy Court for the Western District of Washington (Bankruptcy Court).

**2.** The United States District Court for the Western District of Washington has the original and the exclusive jurisdiction of the bankruptcy case under the 28 U.S.C. § 1334 by the nature of the petition under the 11 U.S.C. Chapter 13.

**3.** The judges of the Bankruptcy Court may hear and determine the bankruptcy case and all core proceedings under the 28 U.S.C. § 157 by the general order of the reference from the District Court.

**4.** The adversary proceeding is a core matter under the 28 U.S.C. § 157 by the claim of the violation of the automatic stay.

**5.** The western district of the Washington is the proper venue of the adversary proceeding under the 28 U.S.C. § 1408 by the collection activity of the defendants during the protection of an automatic stay.

**6.** The plaintiffs consent to entry of a final order or judgment in the accordance with the law by the judge of the Bankruptcy Court.

### Parties

**7.** The Plaintiff Robert Garvin Moore (Robert) and the Plaintiff Teresa Jean Moore (Teresa) are the plaintiffs in the adversary proceeding and are living in the Clark County, Washington and in other locations. The service address of the plaintiffs is at the address: Robert and Teresa Moore, 20404 NE 242nd, Battle Ground, Washington 98604.

**8.** The Defendant FLAGSTAR BANK FSB (FSB) is a savings association under the regulation of the Currency Comptroller and the Consumer Financial Protection Bureau with the principle office at the 5151 Corporate Drive, Troy, MI 48098. Without a registered agent, the service address of the Defendant FSB is at the address: FLAGSTAR BANK FSB, c/o Alessandro P. DiNello, CEO, 5151 Corporate Drive, Troy, MI 48098.

**9.** The Defendant WRIGHT, FINLAY & ZAK, LLP (WFZ) is a foreign limited liability partnership with the principle office at the 612 S Lucile Street, Suite 300, Seattle, WA, 98108. The service address of the Defendant WFZ is at the address: WRIGHT, FINLAY & ZAK, LLP, c/o Laura Coughlin, Registered Agent, 612 S Lucile Street, Suite 300, Seattle, WA, 98108.

**10.** The Defendants Joseph T. McCormick III (McCormick), Tom B. Pierce (Pierce) and Laura N. Coughlin (Coughlin) are the officers, employees or the agents of the Defendant WFZ with the business address at the 612 S Lucile Street, Suite 300, Seattle, WA, 98108.

**11.** The Defendants Paul Kim Reis (Paul) and Lisa Armenio Reis (Lisa) are residents of Hawaii with the mailing address at the 5749 Kalanianaole Highway, Honolulu, Hawaii 96821-2330.

**12.**     The Defendant KELLER WILLIAMS PREMIER PARTNERS (KWP) is a real estate firm with the business address at the 2211 E Mill Plain Blvd., Suite 100, Vancouver, WA 98661. The service address of the Defendant KWP is at the address: KELLER WILLIAMS PREMIER PARTNERS, Chris Kelsey, Managing Broker, 2211 E Mill Plain Blvd., Suite 100, Vancouver, WA 98661.

**13.**     The Defendants Pamela McAnally (McAnally), James Welch (Welch), Jacqueline Smith (Smith) and Shelly Schmitz (Schmitz) are the officers, employees or agents of the KWP with the business address at the 2211 E Mill Plain Blvd., Suite 100, Vancouver, WA 98661.

**14.**     The Defendant Jeffrey Merritt Wilson (Wilson) is a resident of California with the mailing address at the PO Box 10414, Salinas California 93912.

**15.**     The plaintiffs are ignorant of the names and capacities of the defendants Does 1-50; and therefore, sue the unknown defendants by the fiction of the DOE name. The defendants Does 1-50 are responsible for the claimed damages by the conduct of their wrongful actions. The plaintiffs reserve the right to amend the complaint upon the discovery of the names, capacities, relationships and liabilities of the Does 1-50.

**16.**     The defendants were and are the agents of their co-defendants by the conduct of their coordinate actions and by the pursuit of their common objective for the benefit of the defendants at the expense of the plaintiffs.

**Facts**

**17.**     The complaint concerns the Battle Ground House (property), which is comprised of the main house and the out buildings on a 4.4-acre plot of land in Clark County, Washington. The parties know the address of the property as the 20404 NE 242nd Avenue, Battle Ground, Washington.



**18.**     On or about February 27, 2014, the Defendant Lisa first contacted the Plaintiff Teresa by an email from the referral of a business associate. At that time, the Defendant Lisa and her husband, the Defendant Paul, were planning to abandon their long-time family home in Battle Ground Washington because the economy was depressed, they had exhausted their savings and the lender claim exceeded the home value.

**19.**     At that time, the Plaintiff Teresa was dealing with a cancer related health issue, which

she treated by the protocols of the Gerson Therapy. The protocols required five to six of the blood cleansing therapy sessions each day. The Plaintiff Teresa had developed a webcast training program that involved the growing of the vegetables necessary for the therapy through a hydroponics growing system.

20.     During a telephone conversation, the Defendant Lisa stated that the house was in "turn-key" condition and that the property had the equipment and the facilities for a hydroponic growing system, which was an essential element of the business plan of the Plaintiff Teresa.

21.     After a review of the pictures of the property and a review of the Zillow Report, which estimated the value of the house at $280,000.00, the Plaintiff Teresa proposed an agreement for the parties to jointly own the property. At that time, the debt claim against the property was greater than its value.

22.     Under this agreement, the parties were (1) to raise additional income through the operations of a hydroponics growing system; (2) to raise additional income through the development of a "Better than Organics" webcast program; (3) to share the expenses of the repairs and maintenance of the property; (4) to obtain a modification of the loan under the HAMP Program and (5) to own the property together.

23.     On March 6, 2014, the Defendant Lisa granted to the Plaintiff Teresa the power to discuss the terms of a modification with the Defendant FSB by the execution of an authorization letter.

24.     On May 27, 2014, the Plaintiff Robert and his son departed from Los Angeles in an RV with furniture and tools to get the property cleaned up and furnished for the webcast programs.

25.     On May 30, 2014, the Plaintiff Robert and his son arrived at the property to find that all appliances had been taken or destroyed; that some cabinetry had been removed; that the furniture had been dumped into the garage; that the house was not habitable and that a squatter was living in the house. Additionally, the Plaintiff Robert and his son found postings, dated February 2013, which stated that the house had been winterized; that the foreclosure process had begun and that the property was "determined to be vacant/abandoned."

26.     Meanwhile, the Plaintiff Teresa continued her efforts to secure a loan modification by the training and the assistance of the NEIGHBORHOOD ASSISTANCE CORPORATION OF AMERICA (NACA) and by the submission of a modification package through the CORE ADVISORY GROUP.

27.     Additionally, the Plaintiff Teresa continued with her efforts to develop the "Better than Organics" webcast business by the production of videos, which introduced the Defendant Paul as the "Master Grower - partner in the Washington Property" and to develop the hydroponics growing business by the building of a greenhouse and by the installation of hydroponic growing systems.

28.     From the June 1, 2014 through the current date, the plaintiffs and their son have maintained the possession of the property by their physical presence and by the payment of the utility expenses and by the payment of the maintenance expenses. Although the Defendants Paul and Lisa initially shared the expense of a riding lawn mower and the utility expenses, the plaintiffs and their son have maintained the condition of the property by the installation of various appliances, by the repair of the water lines and faucets and by the maintenance of the yard.

**29.** On or about January 10, 2017, the Plaintiff Teresa spoke with the underwriter of the Defendant FSB, who stated that the Defendants Paul and Lisa were more than qualified for a loan modification. However, the Defendant FSB ultimately denied the loan modification because the Defendants Paul and Lisa refused to move their bank accounts to Washington. Additionally, the Defendants Paul and Lisa told the representative of the CORE ADVISORY GROUP that "they really don't live there and only go to the property when needed."

**30.** On or about June 8, 2017, the Plaintiff Teresa requested the execution of an Assignment of Rights by the Defendants Paul and Lisa, who did not respond to the request.

**31.** The Defendants Paul and Lisa did not object or deny the claim of a fifty-percent interest in the property during the proceedings of the Bankruptcy Case No 14-13791-ABL or during the proceedings of the Bankruptcy Case No. 16-53510-SLJ.

**32.** On the December 19, 2017, the Plaintiff Teresa commenced the action of the Bankruptcy Case No. 17-01311-RJF by the filing of the Chapter 13 Voluntary Petition with the United States Bankruptcy Court, District of Hawaii (Hawaii Bankruptcy Court).

**33.** In the petition, the Plaintiff Teresa listed the property as an asset of the bankruptcy estate; claimed a fifty-percent interest in the property and identified the Defendants Paul and Lisa and the Defendant FSB as the creditors of the bankruptcy estate.

**34.** On March 6, 2018, the Defendant Lisa informed the Plaintiff Teresa of the listing of the property for a sale by the transmittal of an email. The Plaintiff Teresa replied with the statement, "I would prefer to buy the house in exchange for settlement of our agreement." The Defendant Lisa agreed to the sale of the property to the plaintiff by the reply of an email.

**35.** On or about March 23, 2018, the Defendants Paul and Lisa listed the property for sale with the Defendants KWP, McAnally, Welch, Smith and Schmitz.

**36.** On March 28, 2018, despite the notice of the bankruptcy case, the Defendants KWP, McAnally, Welch, Smith and Schmitz stated, "We have done the research and Paul and Lisa are free and clear to sell the property."

On Mar 28, 2018, at 11:10 AM, Pamela McAnally
<pamela@benkinneyteam.com> wrote:

Hi Teresa,

We would be more than willing to help you purchase 20404 NE 242nd ave. We have done the research and Paul and Lisa are free and clear to sell the property and are aware of the timelines to do so. Please forward me your pre-approval letter and my team will be more than happy to help you write up an offer and proceed with the transaction.
I am now representing Lisa and will be the direct point of contact regarding this property.
Please feel free to reach out to me with any more questions.
I have been advised that your family member resides on the property. I would appreciate it if you provide me with his contact information so I can set up future access to the property etc.

Regards

Pamela McAnally
Keller Williams Premier Partners | Ben Kinney Real Estate Team
2211 Mill Plain Blvd | Vancouver, WA 98661
Direct: 360-980-1163
Office: 360-693-3336

**37.** On March 28, 2018, the Defendant Lisa agreed to the sale of her remaining half-interest in the property to the Plaintiff Teresa by the transmittal of an email. The Plaintiff Teresa informed the Defendant Lisa of the need for the approval of the bankruptcy court and of the automatic stay against "anyone attempting to enter the property and or sale it."

> We were told that he could get the loan approved and funded within 30-45 days. I will need to get court approval of this transaction.
>
> MIchael informed me that a for sale sign was placed in the yard. Please be aware that I am in an active bankruptcy, and there is a bankruptcy stay in place from anyone attempting to enter the property and or sale it.

**38.** On June 7, 2018, an unknown party vandalized the property by the cutting of the telephone lines to the house and by the driving of a vehicle across the yard.




**39.** On June 13, 2018, the Defendants Paul, Lisa demanded the possession and control of the property by the positing of a NOTICE TO TERMINATE TENANCY and of a TWO DAY NOTICE TO ENTER.




**40.**    On the June 13, the Plaintiff Teresa responded to the postings by the transmittal of a message to the Defendants Paul, Lisa and McAnally.

> As I have communicated to you in person, by telephone, and by email, and to your "Real Estate Agents" that your efforts to list, and sell the property without Bankruptcy Court Approval is in Violation of Bankruptcy Court laws.
>
> Any continued effort to harass, threaten, or vandalize the property (see picture of cutting of telephone lines) is subject to criminal acts and punishable by law.  I an my family are prepared to prosecute to the fullest extent of the law.
>
> While in my 341 Hearing last month, you stated that you listed the property without Bankruptcy approval, and you accepted an offer to sell, without Bankruptcy approval.
>
> Please provide me with the escrow company, the names of the potential buyers, a copy of the sales contract, and any and all communications from the lender in reference to the sale and foreclosure date.

**41.**    On June 21, 2018, the Plaintiff Teresa published, posted and served a Land Trespass Notice upon the Defendants Paul and Lisa and upon the Defendants KWP, McAnally, Welch, Smith and Schmitz.

**42.**    Between the June 21, 2018 and the January 17, 2019, unknown parties entered upon the property on six separate occasions without any prior notice and without the consent or the authorization of the plaintiffs.

**43.**    On June 22, 2018, the Plaintiff Teresa requested and received a postponement of the foreclosure sale by transmittal of a letter to the agent of the Defendant FSB.

**44.**    On or about the September 8, 2019, the Defendant Lisa demanded entry on the property by the posting of a notice.

**45.**    On or about September 10, 2018, after the positing of a notice on the door of the property on the September 8, 2018, the Defendant Lisa entered upon the property with an Appraiser and a Realtor for an inspection.  During the inspection, the Defendant Lisa stated that the bankruptcy case would be dismissed.

**46.**    On the information and belief, the Defendant FSB cancelled the foreclosure sale of the October 12, 2018 by the posting of a notice with the auctioneer, which listed the opening bid at $235,000 with an estimated debt of $291,705.

Canceled

**BATTLE GROUND, WA 98604, Cl...**

3 Beds | 2 Baths | 1,848 Sq Feet

**Single Family** | Property is Occupied

**Do Not Disturb Occupant.**
It is a criminal offense to trespass on this property.

| | |
|---|---|
| Est. Value | |
| **$398,000** | |
| Est. Credit Bid | |
| **Not Disclosed** | |
| Opening Bid | $235,000 |
| Est. Debt | $291,705 |

**47.**    On the January 19, 2019, the Hawaii Bankruptcy Court terminated the action of the adversary proceeding without prejudice by the entry of a dismissal order.

**48.**     On or about the June 1, 2019, the non-party Joyce Werner and her agent took the possession of the Apartment 25 at the address of the 369 Hobron Lane, Honolulu, Hawaii by the force of a lockout without any prior notice and without any process or warrant of the law. Despite the prohibition of a lockout by the temporary restraining order and injunction of the Hawaii First Circuit Court in the Civil Case No. 1SS19-1-00689, the non-party Joyce Werner and her associate continued the action of the lockout and took all the personal and business property by the by the exclusion of the plaintiffs from the apartment.   Despite the personal service of the agent and the acknowledgment of the service by the non-party Joyce Werner, the officers of the Honolulu Police Department and the Sheriff of the Honolulu County refused the enforcement of the temporary restraining order and injunction by the failure of any action.

**49.**     On the June 30, 2019, the plaintiffs commenced the action of the Civil Case No. 19-2-02066-06 against the Defendant FSB and others by the filing of the COMPLAINT FOR DECLARATORY RELIEF with the Clark County Superior Court.

**50.**     On or about the October 25, 2019, the non-party FRANCHISE TAX BOARD took the balance of the Plaintiff Robert's checking account with the NAVY FEDERAL CREDIT UNION by the force of a levy without any prior notice and without any process or warrant of the law.

**51.**     On the November 5, 2019, the Plaintiff Robert commenced the Bankruptcy Case No. 19-43563-BDL by the filing of the VOLUNTARY PETITION with the Clerk of the United States Bankruptcy Court for the Western District of Washington (Washington Bankruptcy Court).

**52.**     In the original and in the amended schedules, the Plaintiff Robert asserted the interest in the property by the entries of the claim on the schedules.

**53.**     On or about the November 19, 2019, the Defendants WFZ, McCormick, Pierce and Coughlin acknowledged the existence of the automatic stay by the filing of the notice with the Clark County Superior Court and by the service of the NOTICE OF BANKRUPTCY FILING.

**54.**     On the December 27, 2019, the Defendant Wilson asserted a claim against the Plaintiff Robert and the bankruptcy estate by the filing of the PROOF OF CLAIM 3-1.  The Plaintiff Robert informed the Defendant Wilson that the claim violated the discharge injunction in two prior bankruptcy cases by the transmittal of an email.  The Defendant Wilson continues the pursuit of the claim by the failure to withdraw and the request to reopen.

**55.**     On or about the January 16, 2020, the Defendants WFZ, McCormick, Pierce and Coughlin requested the termination of the action of the Civil Case No. 19-2-02066-06 by the filing of the dismissal motion on the grounds of the "failure to state a claim upon which relief can be granted," of the failure to list the claim in the schedules, of the failure to obtain the Trustee's approval to prosecute the case and of the Debtor's violation of the automatic stay by the continuation of the action.

**56.**     On the February 28, 2020, the judge of the Clark County Superior Court terminated the action of the Civil Case No 19-2-02066-06 by the proclamation of a dismissal order without the specification of any reason.

**57.**     The Defendant Lisa attended the hearing of the motion by the telephone, apparently through the office of the Defendant Coughlin, and joined in the dismissal by the reading of a statement, which asserted that the plaintiffs were "experts at utilizing court systems … to manipulate things … in terms of delay of foreclosures … delay of decisions" and "are wrongfully using the bankruptcy court to manipulate having a stay in place."

**58.**    On the March 3, 2020, during the examination of the Plaintiff Robert by the judge of the Washington Bankruptcy Court, the Defendant Wilson stated that he has been "following these people around all over the place" and admitted to the existence of his communications with the Defendants Paul and Lisa.  The Washington Bankruptcy Court noted the filing of the various "pleadings" in the record of the case by the Defendant Wilson, who filed similar documents in the record of the prior bankruptcy cases of the Plaintiff Teresa.  The Defendant Wilson has filed similar "pleadings" in the record of an appeal by the Plaintiff Teresa and her daughter before the Ninth Circuit Court of Appeals.  Since the filing of the petition, the Defendant Wilson has sent similar documents or demands to the address of the plaintiff's daughter and her employer.  The plaintiffs believe that the Defendant Wilson had communications with the non-party Joyce Werner, who conducted the lockout of the plaintiffs at the Apartment 25, 369 Hobron Lane, Honolulu Hawaii on or about June 1, 2019.

**59.**    On the March 14, 2020, the plaintiffs received a demand for the immediate surrender of the property by the certified delivery of a NOTICE TO QUIT from the Defendants WFZ, McCormick, Pierce and Coughlin.  The enclosure of the Exhibit 1 is a true copy of the NOTICE TO QUIT.

<div align="center">

**First Cause of the Action**
**(Violation of the automatic stay)**

**Count 1**

</div>

**60.**    The plaintiffs restate the allegations of the preceding paragraphs by the point of this reference.

**61.**    The Plaintiff Teresa asserts the claim of the cause of the action by the allegations against the Defendants Paul and Lisa and the Defendants KWP, McAnally, Welch, Smith and Schmitz.

**62.**    Upon the filing of a voluntary petition under the Chapter 13 of the Bankruptcy Code, Section 362(a) operates as a stay of (a) "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case … or to recover a claim against the debtor that arose before the commencement of the case"; (b) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"; (c) "any act to create, perfect or enforce any lien against property of the estate"; (d) "any act to create, perfect or enforce against property of the debtor any lien to the extent such lien secures a claim that arose before the commencement of the case" or (e) "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case."

**63.**    On and after the June 1, 2014, the plaintiffs held a possessory interest in the property by the physical control and maintenance of the premises.

**64.**    On and after the June 1, 2014, the plaintiffs held a fifty-percent equitable interest in the property by the full-performance of the agreement with the Defendants Paul and Lisa, which the parties memorialized by their written communications and their actions over the past six-years.

**65.**    On and after the December 19, 2017, the bankruptcy estate of the Bankruptcy Case No. 17-01311-RJF held the possessory and the equitable interests in the property by the filing of the Chapter 13 Voluntary Petition with the Hawaii Bankruptcy Court.

**66.** The Defendants Paul and Lisa and the Defendants KWP, McAnally, Welch, Smith and Schmitz had knowledge of the bankruptcy case by the receipt of the notices from the Clerk and the notices from the Plaintiff Teresa.

**67.** Despite the knowledge of the bankruptcy case, the Defendants Paul and Lisa and the Defendants KWP, McAnally, Welch, Smith and Schmitz acted against the interests of the estate (1) by the listing of the property for sale; (2) by the acceptance of an offer to buy the property; (3) by the entry upon the property to commit acts of vandalism; (4) by the entry upon the property to post various notices and (5) by the continuation of the effort to sell the property without the approval of the bankruptcy court.

**68.** The conduct of the Defendants Paul and Lisa and the Defendants KWP, McAnally, Welch, Smith and Schmitz willfully violated the automatic stay in the Bankruptcy Case No. 17-01311-RJF by the repeated attempts "to recover a claim against the debtor that arose before the commencement of the case" and the repeated acts "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

**69.** The conduct of the Defendants Paul and Lisa and the Defendants KWP, McAnally, Welch, Smith and Schmitz caused the sufferance of the tension, headaches, nausea, anxiety and other emotional harm, which was distinct from the stress of the bankruptcy process. The Plaintiff Teresa cringes and panics with every telephone call, every email message and every mail delivery from the fear of the loss of the consortium with family, friends and associates under the false impression of the communications with the attorneys and the defendants and with every entry upon the land by an unknown trespasser from the fear of bodily harm.

**70.** The violations of the automatic stay caused the sufferance of the injuries of the Plaintiff Teresa by the deprivation of the protection of the automatic stay, by the denial of the quiet use and enjoyment of the property, by the diminishment of the present and future interest in the property, by the deprivation of the resources for the maintenance and possession of the property and by the multiple trespasses upon the land and against the Plaintiff Teresa.

**71.** The Plaintiff Teresa demands the remedy of the actual damages, of the consequential damages and of the punitive damages according to the trial proof.

## Count 2

**72.** The plaintiffs restate the allegations of the preceding paragraphs by the point of this reference.

**73.** The Plaintiff Robert asserts the claim of the cause of the action by the allegations against the Defendants Paul and Lisa, the Defendants FSB, WFZ, McCormick, Pierce and Coughlin and the Defendant Wilson.

**74.** Upon the filing of a voluntary petition under the Chapter 13 of the Bankruptcy Code, Section 362(a) operates as a stay of (a) "the commencement or continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case … or to recover a claim against the debtor that arose before the commencement of the case"; (b) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"; (c) "any act to create, perfect or enforce any lien against property of the estate"; (d) "any act to create, perfect or enforce against property of the debtor any lien to the extent such lien secures a claim that arose before the commencement of the case" or (e) "any act to collect, assess, or

recover a claim against the debtor that arose before the commencement of the case."

75. On and after the June 1, 2014, the plaintiffs held a possessory interest in the property by the physical control and maintenance of the premises.

76. On and after the June 1, 2014, the plaintiffs held a fifty-percent equitable interest in the property by the full-performance of the agreement with the Defendants Paul and Lisa, which the parties memorialized by their communications and their actions over the past six-years.

77. On and after the December 19, 2017, the bankruptcy estate of the Bankruptcy Case No. 19-43563-BDL held the possessory and the equitable interests in the property by the filing of the Chapter 13 Voluntary Petition with the Washington Bankruptcy Court.

78. The Defendants Paul and Lisa, the Defendants FSB, WFZ, McCormick, Pierce and Coughlin and the Defendant Wilson had knowledge of the bankruptcy case by the receipt of the notices from the Clerk and the notices from the Plaintiff Robert.

79. Despite the knowledge of the bankruptcy case, the Defendants FSB, WFZ, McCormick, Pierce and Coughlin and the Defendant Wilson acted against the interests of the bankruptcy estate (1) by the assertion of the counter-claims against the plaintiffs and the arguments for the dismissal of the action in the Clark County Superior Court; (2) by the accusations of the manipulation and of the wrongdoing; (3) by the collaboration and joinder of the counter-claims, of the arguments and accusations against the plaintiff; (4) by the posting of the demand for the immediate possession of the property and (5) by the entry upon the property to post the notice.

80. The conduct of the Defendants Paul and Lisa and the Defendants FSB, WFZ, McCormick, Pierce and Coughlin and the Defendant Wilson willfully violated the automatic stay in the Bankruptcy Case No. 19-43563-BDL (1) by the "continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case"; (2) by the attempt "to recover a claim against the debtor that arose before the commencement of the case" or (3) by the act "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

81. The conduct of the Defendants Paul and Lisa and the Defendants FSB, WFZ, McCormick, Pierce and Coughlin and the Defendant Wilson caused the sufferance of the tension, headaches, nausea, anxiety and other emotional harm, which was distinct from the stress of the bankruptcy process. The Plaintiff Robert cringes and panics with every telephone case, every email message and every mail delivery from the fear of the loss of the consortium with family, friends and associates under the false impression of the communications with the attorneys and the defendants and with every entry upon the land by an unknown trespasser from the fear of bodily harm.

82. The violations of the automatic stay caused the sufferance of the injuries of the Plaintiff Robert by the deprivation of the protection of the automatic stay, by the denial of the quiet use and enjoyment of the property, by the diminishment of the present and future interest in the property, by the deprivation of the resources for the maintenance and possession of the property and by the multiple trespasses upon the land and against the Plaintiff Robert.

83. The Plaintiff Robert demands the remedy of the actual damages, of the consequential damages and of the punitive damages according to the trial proof.

**84.**     The plaintiffs restate the allegations of the preceding paragraphs by the point of this reference.

**85.**     The plaintiffs assert the claim of the cause of the action by the allegations against the Defendant Wilson.

**86.**     During the pendency of the bankruptcy case, the Defendant Wilson asserted a claim in the amount of the $55,000 against the Plaintiff Robert and the bankruptcy estate by the allegation of the unjust enrichment and fraud on the basis of a contract with third-parties in the year 2006.  The Defendant alleged that the third-parties, "acting in concert and concealment took $55,000.00 under contract … [that] … was never performed on and I was never able to get any answers."

**87.**     During the examination of the Plaintiff Robert by the judge of the Washington Bankruptcy Court, the Defendant Wilson stated that he has been "following these people [plaintiffs] around all over the place" and admitted to the existence of his communications with the Defendants Paul and Lisa, who joined with the Defendants FSB, WFZ, McCormick, Pierce and Coughlin in the dismissal of the action in the Clark County Superior Court and accused the plaintiff of "wrongfully using the bankruptcy court to manipulate having a stay in place."

**88.**     During the pendency of the bankruptcy case, the Defendant Wilson filed similar documents to the proof of claim in the prior bankruptcy cases of the Plaintiff Teresa.

**89.**     During the pendency of the bankruptcy case, the Defendant Wilson filed similar documents to the proof of claim in the record of an appeal by the Plaintiff Teresa and her daughter before the Ninth Circuit Court of Appeals.

**90.**     During the pendency of the bankruptcy case, the Defendant Wilson sent similar documents to the proof of claim to the address of the plaintiff's daughter and her employer.

**91.**     The plaintiffs believe that the Defendant Wilson had communications with the non-party Joyce Werner, who conducted the lockout of the plaintiffs at the Apartment 25, 369 Hobron Lane, Honolulu Hawaii on or about June 1, 2019.

**92.**     The Plaintiff Robert believes that the acts of the Defendant Wilson are for the indirect coercion of a release of the interest in the Palma Drive House in Salinas, California, which the Defendant Wilson and the Plaintiff Teresa jointly hold.

**93.**     On and after the November 4, 2019, the Defendant Wilson had knowledge of the bankruptcy case by the access of the case record and by the notices from the Plaintiff Robert.

**94.**     Despite the knowledge of the bankruptcy case, the Defendant Wilson acted against the interests of the bankruptcy estate (1) by the filing of the proof of claim, (2) by the failure to withdraw the proof of claim, (3) by the request to reopen the prior cases, (4) by the stalking of the plaintiffs, (5) by the interference with the relations of the plaintiffs, (6)

**95.**     The conduct of the Defendant Wilson willfully violated the automatic stay in the Bankruptcy Case No. 19-43563-BDL (1) by the "continuation … of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case"; (2) by the attempt "to recover a claim against the debtor that

arose before the commencement of the case" or (3) by the act "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

**96.** The conduct of the Defendant Wilson caused the sufferance of the tension, headaches, nausea, anxiety and other emotional harm, which was distinct from the stress of the bankruptcy process. The plaintiffs cringe and panic with every telephone case, every email message and every mail delivery from the fear of the loss of the consortium with family, friends and associates under the false impression of the communications with the attorneys and the defendants and with every entry upon the land by an unknown trespasser from the fear of bodily harm.

**97.** The violations of the automatic stay caused the sufferance of the injuries of the plaintiffs by the deprivation of the protection of the automatic stay, by the denial of the quiet use and enjoyment of their property, by the diminishment of the present and future interest in their property, by the deprivation of the resources for the maintenance and possession of their property and by the multiple trespasses upon the land and against the plaintiff.

**98.** The plaintiffs demand the remedy of the actual damages, of the consequential damages and of the punitive damages according to the trial proof.

<div align="center">

**Second Cause of the Action**
**(Breach of the Contract)**

</div>

**99.** The plaintiffs restate the allegations of the preceding paragraphs by the point of this reference.

**100.** The Plaintiff Teresa asserts the claim of the cause of the action by the allegations against the Defendants Paul and Lisa.

**101.** On March 6, 2014, the Defendants Paul and Lisa entered into an oral contract with the Plaintiff Teresa for the sale and purchase of a fifty-percent interest in the property, which had a reasonable value of $280,000 at the time.

**102.** Under terms of this contract, the parties were (1) to raise additional income through the operations of a hydroponics growing system; (2) to raise additional income through the development of a "Better than Organics" webcast program; (3) to share the expenses of the repairs and maintenance of the property; (4) to obtain a modification of the loan under the HAMP Program and, thereafter, (5) to own the property together.

**103.** The Plaintiff Teresa fully performed all the obligations of the contract (1) by the qualification of the Defendants Paul and Lisa for a loan modification, (2) by the repair and maintenance of the property without the cooperation and assistance of the defendants, (3) by the ongoing development and production of the webcast program without the cooperation and participation of the defendants and (4) by the ongoing operation of the hydroponics growing system without the cooperation and participation of the defendants.

**104.** The Plaintiff Teresa remains ready, willing and able to perform any additional or modified terms of the agreement to receive a good and sufficient deed to the property as promised by defendants.

**105.** On or about January 10, 2017, the Defendants Paul and Lisa breached their obligations under the contract by the failure to follow-through with the requirements to move their bank accounts to Washington and to live at the property. Although they were more than qualified for

a loan modification, the breach of the contract by the Defendants Paul and Lisa was unjustified or unexcused given the representations to the Plaintiff Teresa before the making of the agreement and the representations of the Hardship Affidavit after the making of the agreement.

**106.** The failure to satisfy the requirements of the loan modification was a total breach of the contract, which caused the injury of the Plaintiff Teresa by the deprivation of the bargain benefit for the fifty-percent ownership interest in the property.

**107.** The Plaintiff Teresa demands the remedy of the specific performance of the contract because the property is unique and the award of the money damages is inadequate compensation. The specific performance of the contract means the authorization for the payoff of the lender claims and the transfer of the title to the Plaintiff Teresa.

### Third Cause of the Action
### (Breach of the Implied covenants)

**108.** The plaintiffs restate the allegations of the preceding paragraphs by the point of this reference.

**109.** The Plaintiff Teresa asserts the claim of the cause of the action by the allegations against the Defendants Paul and Lisa.

**110.** The Defendants Paul and Lisa entered into the contract with the Plaintiff Teresa for the sale and purchase of a fifty-percent interest in the property, which had a reasonable value of $280,000 at the time.

**111.** The contract with the Plaintiff Teresa required the best efforts of the Defendants Paul and Lisa to obtain a modification of the loan under the HAMP Program. The agreement imposed a duty on each party to refrain from doing anything that would render the performance of the contract impossible and also the duty to do everything that the contract presupposes to accomplish its purpose.

**112.** The Defendants Paul and Lisa breached implied covenant of good faith and fair dealing by the interfering with or the failing to cooperate with the Plaintiff Teresa in the performance of the contract. The Defendants Paul and Lisa refused to satisfy the requirements for the loan modification.

**113.** The breach of the implied covenant of good faith and fair dealing caused the injury of the Plaintiff Teresa by the deprivation of the bargain benefit for the fifty-percent ownership interest in the property.

**114.** The Plaintiff Teresa demands the remedy of the compensatory damages according to the trial proof.

### Fourth Cause of the Action
### (Promissory Estoppel and Unjust Enrichment)

**115.** The plaintiffs restate the allegations of the preceding paragraphs by the point of this reference.

**116.** The Plaintiff Teresa asserts the claim of the cause of the action by the allegations against the Defendants Paul and Lisa.

**117.** The Defendants Paul and Lisa promised the conveyance of a fifty-percent interest in the property to the Plaintiff Teresa in the exchange for the securing of the property, for the repairing and maintaining of the property and for the assisting in the claims against the property; and thereafter, promised the sale of their remaining fifty-percent interest in the property to the plaintiffs.

**118.** The Defendants Paul and Lisa breached the promise by their failure to satisfy the requirements of the loan modification.

**119.** The Plaintiff Teresa relied upon the promise by the commitment of her resources to the performance of the contract.

**120.** The reliance of the Plaintiff Teresa upon the promise was reasonable and foreseeable because the successful performance of the contract required the commitment of her resources.

**121.** The reliance upon the promise caused the injury of the Plaintiff Teresa by the deprivation of the bargain benefit for the fifty-percent ownership interest in the property.

**122.** The Defendants Paul and Lisa received the benefits and were unjustly enriched by the performance of the Plaintiff Teresa.

**123.** The Plaintiff Teresa demands the remedy by the enforcement of the promise by the Defendants Paul and Lisa

### Demand of the Relief

**124.** WHEREFORE, the Plaintiff Teresa demands the relief of the following:

    **A.** For the judgment of the specific performance of the contract.

    **B.** For the judgment of the compensatory damages according to the trial proof.

    **C.** For the judgment of the actual damages according to the trial proof.

    **D.** For the judgment of the costs and fees according to the trial proof.

    **E.** For any other relief that the court deems just and proper.

Date: <u>March 30, 2020</u>

Teresa Jean Moore, Plaintiff
20404 NE 242nd Avenue
Battle Ground, Washington 98604
Tel: (818) 206-3223
teresa.moore@me.com

Date: <u>March 30, 2020</u>

Robert Garvin Moore, Plaintiff
20404 NE 242nd Avenue
Battle Ground, Washington 98604
Tel: (818) 206-3223
robert.garvin@me.com

ENCLOSURE:
    Exhibit 1:  NOTICE TO QUIT
    Exhibit 2:

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Robert Garvin Moore; Teresa Jean Moore | DEFENDANTS<br>FLAGSTAR BANK FSB; WRIGHT, FINLAY & ZAK, LLP; Joseph T.<br>McCormick III; Tom B. Pierce; Laura N. Coughlin; Lisa Armenio Reis; Paul<br>Kim Reis; KELLER WILLIAMS PREMIER PARTNERS; Pamela McAnally;<br>James Welch; Jacqueline Smith; Shelly Schmitz; Jeffrey Merritt Wilson; DOES |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>None | ATTORNEYS (If Known)<br><br>None |

| PARTY (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☒ Other  Spouse<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☒ Other  Claimants<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) for the Violation of the Automatic Stay; (2) for the Breach of the Contract, (3) for the Breach of the Implied Covenants and (4) for the Promissory Estoppel and the Unjust Enrichment

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other  Stay Violations

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case -- 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  trial proof |

Other Relief Sought
   specific performance of a contract

**FILED**

MAR 3 0 2020

Mark L. Hatcher
Clerk, US Bankruptcy Court
Western District of Washington At Tacoma
By
   Deputy Clerk

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>Robert Garvin Moore | BANKRUPTCY CASE NO.<br><br>19-43563-BDL | |
| DISTRICT IN WHICH CASE IS PENDING<br><br>Western District of Washington | DIVISION OFFICE | NAME OF JUDGE<br><br>Brian D. Lynch |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>March 30, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Robert Garvin Moore | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# United States Bankruptcy Court

# Western District Of Washington

In re ___Robert Garvin Moore_____ ,  )
                 Debtor  )

Robert Garvin Moore and Teresa Jean Moore  )
                 Plaintiff  )
                   )

                 v.  )

__FLAGSTAR BANK FSB, et al.__  )
                 Defendant  )

Case No. __19-43563-BDL___

Chapter ___13_____

Adv. Proc. No. _____

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

          Address of the clerk:     UNITED STATES BANKRUPTCY COURT
                                  Western District of Washington
                                  1717 Pacific Avenue, Suite 2100
                                  Tacoma, WA 98402

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

          Name and Address of Plaintiff's Attorney:    Robert Garvin Moore
                                             20404 NE 242nd Avenue
                                             Battle Ground, Washington 98604

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

          Address:                                    Room:
                                                        Date and Time:

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                               _____(Clerk of the Bankruptcy Court)

    Date: ___ _____      By: ___ _____(Deputy Clerk)

# CERTIFICATE OF SERVICE

I, _____(name), certify that service of this summons and a copy of the complaint was made _____(date) by:

❑     Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

❑     Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

❑     Residence Service: By leaving the process with the following adult at:

❑     Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

❑     Publication: The defendant was served as follows: [Describe briefly]

❑     State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____      Signature _____

               Print Name:      _____

               Business Address:      _____

                                         _____

# Summons

<u>**Plaintiffs**</u>:

**Robert Moore**, 20404 NE 242nd, Battle Ground, Washington 98604

**Teresa Moore**, 20404 NE 242nd, Battle Ground, Washington 98604


<u>**Defendants**</u>:

**FLAGSTAR BANK FSB**, c/o Alessandro P. DiNello, CEO, 5151 Corporate Drive, Troy, MI 48098

**WRIGHT, FINLAY & ZAK, LLP**, c/o Laura Coughlin, Registered Agent, 612 S Lucile Street, Suite 300, Seattle, WA, 98108

**Joseph T. McCormick III**, 612 S Lucile Street, Suite 300, Seattle, WA, 98108

**Tom B. Pierce**, 612 S Lucile Street, Suite 300, Seattle, WA, 98108

**Laura N. Coughlin**, 612 S Lucile Street, Suite 300, Seattle, WA, 98108

**Paul Kim Reis**, 5749 Kalanianaole Highway, Honolulu, Hawaii 96821-2330

**Lisa Armenio Reis**, 5749 Kalanianaole Highway, Honolulu, Hawaii 96821-2330

**KELLER WILLIAMS PREMIER PARTNERS**, Chris Kelsey, Managing Broker, 2211 E Mill Plain Blvd., Suite 100, Vancouver, WA 98661

**Pamela McAnally**, 2211 E Mill Plain Blvd., Suite 100, Vancouver, WA 98661

**James Welch**, 2211 E Mill Plain Blvd., Suite 100, Vancouver, WA 98661

**Jacqueline Smith**, 2211 E Mill Plain Blvd., Suite 100, Vancouver, WA 98661

**Shelly Schmitz**, 2211 E Mill Plain Blvd., Suite 100, Vancouver, WA 98661

**Jeffrey Merritt Wilson**, PO Box 10414, Salinas California 93912

# RULE 7012-1. NOTICE

## Adversary Proceeding No. _____

RULE 7012-1. NOTICE REGARDING FINAL ADJUDICATION AND CONSENT TO ENTRY OF FINAL ORDERS OR JUDGMENTS BY BANKRUPTCY JUDGE IN AN ADVERSARY PROCEEDING

(a) Notice Regarding Final Adjudication and Consent. In an adversary proceeding before a bankruptcy judge, in addition to the statements in the pleadings required by Fed. R. Bankr. P. 7008(a) and 7012(b), each party shall file a separate document with its initial pleading (the complaint, counterclaim, cross-claim, third party complaint, answer or other responsive pleading) to be entitled Notice Regarding Final Adjudication and Consent. The Notice Regarding Final Adjudication and Consent shall include a repetition of the statements required by Fed. R. Bankr. P. 7008(a) and 7012(b) and shall include a statement that the party does or does not consent to entry of final orders or judgments by the bankruptcy judge.

The Plaintiffs Robert Garvin Moore and Terresa Jean Moore consent to entry of a final order or judgment in the accordance with the law by the judge of the Bankruptcy Court.

Date: <u>March 24, 2020</u>

Teresa Jean Moore, Plaintiff
20404 NE 242nd Avenue
Battle Ground, Washington 98604
Tel: (818) 206-3223
teresa.moore@me.com

Date: <u>March 24, 2020</u>

Robert Garvin Moore, Plaintiff
20404 NE 242nd Avenue
Battle Ground, Washington 98604
Tel: (818) 206-3223
robert.garvin@me.com